IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. BLAUVELT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
PRESTON M. BLAUVELT, APPELLANT.

Filed July 2, 2013.    No. A-12-1076.

Appeal from the District Court for Adams County: STEPHEN R. ILLINGWORTH, Judge. Affirmed.

Arthur C. Toogood, Adams County Public Defender, for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

INBODY, Chief Judge, and IRWIN and MOORE, Judges.

MOORE, Judge.

Preston M. Blauvelt appeals his convictions on two counts of burglary after a bench trial in the Adams County District Court. The district court sentenced Blauvelt to consecutive terms of 2 to 4 years' imprisonment on the first count and of 1 to 2 years' imprisonment on the second count. Finding that Blauvelt's convictions were supported by sufficient evidence and that the imposed sentences were not excessive, we affirm the district court's order.

FACTUAL BACKGROUND

On the morning of April 11, 2011, an employee at the Adams County fairgrounds reported a burglary at the fairgrounds. The subsequent police investigation revealed that three different areas in the fairgrounds sustained damage during the burglary. In the Activities Center Building, two soda vending machines were damaged and a beverage cooler behind the bar was broken into. Several cases of beer were later reported missing from the fairgrounds' supply that was stored in that building. In the Community Service Building, paint was thrown on the wooden floor and a window screen destroyed. Sometime later, fairgrounds employees discovered that a

- 1 -

sound amplifier had been stolen. The police also discovered that a door leading to the fairgrounds' grandstands had been damaged.

In the early morning hours on April 21, 2011, the Hastings City Auditorium also reported a burglary. During this burglary, various electronics were stolen from an upstairs office, including a laptop, a computer monitor, a police scanner, a wireless router, and microphones. The police also found numerous shattered light bulbs on the stage floor and a damaged security camera. During the investigation into this burglary, the police discovered that a door to the auditorium had been damaged when it was pried open. The police concluded that the culprits had accessed the auditorium through this door.

During the investigations into these two burglaries, the Hastings Police Department collected a number of fingerprints and sent them to the Nebraska State Patrol crime laboratory for analysis. A latent fingerprint examiner with the crime laboratory examined these fingerprints and was able to analyze only one latent fingerprint from those submitted. This print was left on a paint can that had been recovered from the Community Service Building on the fairgrounds. After comparing this fingerprint to those in the Nebraska State Patrol records, the latent fingerprint examiner concluded that it was left by Michael Sorgen.

Sorgen was interviewed at the Clay County Sheriff's Department about his involvement in these burglaries. Following this interview, officers entered Sorgen's mother's home in Fairfield, Nebraska, and recovered the computer monitor that had been stolen from the auditorium.

Sorgen was charged with burglarizing the Hastings City Auditorium and the Adams County fairgrounds. According to his testimony, Sorgen reached a plea agreement with the State under which he pled no contest to the fairgrounds burglary and the auditorium burglary charges were dropped. The agreement also required Sorgen to speak to law enforcement about his knowledge of the two burglaries. Following his plea, Sorgen received a sentence of probation.

The Hastings Police Department learned of Blauvelt's possible involvement in these burglaries from the Clay County Sheriff's Department. The police obtained and served a search warrant on the home in which Blauvelt lived with his mother in Hastings, Nebraska. While executing the search warrant, officers found and collected the electronics that had been stolen from the Hastings City Auditorium. Officers also located and collected the amplifier that had been stolen from the Adams County fairgrounds.

The State filed an information on February 7, 2012, charging Blauvelt with two counts of burglary, a Class III felony. Neb. Rev. Stat. § 28-507 (Reissue 2008). On August 21, 2012, a bench trial was held before the Adams County District Court.

At trial, the State called 10 witnesses during its case in chief. Many of these witnesses testified to the property stolen during the burglaries and the damage done to the various buildings. To establish that Blauvelt had been involved in the burglaries, the State called Sorgen to testify. Sorgen testified that he, Blauvelt, and "Jarod" burglarized the Adams County fairgrounds in April or May 2011. According to Sorgen's testimony, he and Blauvelt stole seven cases of beer from the Activities Center Building and loaded them into the trunk of Sorgen's father's car. They later unloaded the beer, hiding it in Blauvelt's garage. When questioned about the damage done to the fairgrounds, Sorgen testified that he threw the paint on the floor of the Community Service Building and destroyed a soda vending machine. Sorgen stated that before

- 2 -

leaving the fairgrounds, they also broke into the grandstand area looking for other things to steal, but did not find anything.

Sorgen also testified that he and Blauvelt broke into the Hastings City Auditorium a "couple days after the fairgrounds." According to Sorgen, Blauvelt pried a door open with a crowbar while Sorgen reached in to open the door. Once inside the auditorium, Sorgen testified that they broke into the upstairs office and stole the electronics equipment. Sorgen also stated that he and Blauvelt shattered the light bulbs by throwing them onto the stage floor. After pulling wires from a security camera, Blauvelt and Sorgen heard an alarm trigger and quickly left the auditorium. Sorgen testified that they returned to Blauvelt's house and unloaded the electronics in the garage. When he left Blauvelt's home the next morning, Sorgen took the computer monitor and microphones to his mother's home in Fairfield.

The State also called Stephanie Krueger to testify as to Blauvelt's involvement in the burglaries. In August 2011, Krueger moved into an apartment next to Blauvelt's home. According to Krueger, during conversations with Blauvelt, he bragged to her about having stolen "a bunch of beer" from the Adams County fairgrounds. Krueger also testified that Blauvelt admitted to having stolen "a bunch of stuff" from the Hastings City Auditorium.

During Blauvelt's case in chief, his mother testified that she was home on the nights of both burglaries. She denied that cases of beer were hidden in their garage on April 11, 2011. She also testified that she did not suspect any impropriety when the electronics appeared at her home because she had been told that Sorgen needed a place to store the electronic equipment while he was moving.

During his testimony, Blauvelt denied any involvement in the two burglaries. He claimed that he was not at the fairgrounds on April 11, 2011, and did not hide any beer from the fairgrounds in his garage. Blauvelt also maintained that he had possession of the electronic equipment only because Sorgen told him that he needed a place to store it while he was moving. Finally, Blauvelt denied having talked to Krueger about his involvement in these burglaries.

After taking the case under advisement, the district court found Blauvelt guilty on both counts of burglary. On October 15, 2012, the court sentenced Blauvelt to a term of 2 to 4 years' imprisonment on the first burglary count and a term of 1 to 2 years' imprisonment on the second count, to be served consecutively. Blauvelt was given credit for 170 days for time already served. He now appeals these convictions.

## ASSIGNMENTS OF ERROR

Blauvelt contends that the evidence was insufficient to support his two burglary convictions and that the district court abused its discretion by imposing excessive sentences.

## STANDARD OF REVIEW

In reviewing a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *State v. Freemont*, 284 Neb. 179, 817 N.W.2d 277 (2012). The relevant question for an appellate court is whether, after viewing the evidence in the light

most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Policky*, 285 Neb. 612, 828 N.W.2d 163 (2013).

ANALYSIS

*Sufficiency of Evidence.*

Blauvelt argues that the evidence was insufficient to support his two convictions for burglary. He contends there was no physical evidence placing him at the scene of either crime and that the State's witnesses who testified that he committed the burglaries were not credible.

Blauvelt was charged with and convicted of two counts of burglary under § 28-507. This section provides that a person commits burglary if "such person willfully, maliciously, and forcibly breaks and enters any real estate or any improvements erected thereon with intent to commit any felony or with intent to steal property of any value." § 28-507(1). Burglary is a Class III felony. § 28-507(2).

The State adduced evidence establishing Blauvelt's involvement in burglaries at the Adams County fairgrounds on April 11, 2011, and at the Hastings City Auditorium on April 21. This evidence included testimony from Sorgen, who stated that he was involved in both burglaries with Blauvelt and that they forcibly entered both buildings and stole items from inside each building. Sorgen's testimony was corroborated by Krueger. Krueger testified that Blauvelt told her that he stole beer from the fairgrounds and electronics from the auditorium. This testimony clearly established the necessary elements of burglary, and the district court found it to be credible.

To the extent that Blauvelt argues that there must be direct evidence connecting him to the burglaries in order to convict him, we reject that argument. Circumstantial evidence is not inherently less probative than direct evidence. *State v. Kofoed*, 283 Neb. 767, 817 N.W.2d 225 (2012). In finding a defendant guilty beyond a reasonable doubt, a fact finder may rely upon circumstantial evidence and the inferences that may be drawn therefrom. *Id.* Additionally, in this case, the district judge was the sole judge of the credibility of the witnesses, and an appellate court does not pass on the credibility of witnesses. See *State v. Freemont, supra.*

Thus, when we view the evidence in a light most favorable to the State, we find that it was sufficient to support Blauvelt's convictions for burglary.

*Excessive Sentences.*

Blauvelt also argues that the district court abused its discretion by imposing excessive sentences. Where a sentence imposed within the statutory limits is alleged to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Reyes*, 18 Neb. App. 897, 794 N.W.2d 886 (2011). In imposing a sentence, the sentencing court is not limited to any mathematically applied set of factors. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Craigie*, 19 Neb. App. 790, 813 N.W.2d 521 (2012). When imposing a sentence, a sentencing judge should consider the defendant's age, mentality,

education and experience, social and cultural background, past criminal record, and motivation for the offense, as well as the nature of the offense and the violence involved in the commission of the crime. *Id*.

Blauvelt was convicted of two counts of burglary. Burglary is a Class III felony punishable by a maximum of 20 years' imprisonment, a $25,000 fine, or both. See § 28-507 and Neb. Rev. Stat. § 28-105 (Reissue 2008). The district court sentenced Blauvelt to sentences of 2 to 4 years' imprisonment on the first count and 1 to 2 years' imprisonment on the second count, to be served consecutively. These sentences are within the statutory limits. However, Blauvelt argues that the sentences were an abuse of discretion because of his age and minimal criminal history.

Blauvelt was 19 years old at the time of sentencing, had not completed his high school education or obtained a diploma through the GED program, and was unemployed. Blauvelt's criminal history included juvenile court adjudications for criminal mischief and third degree assault, as well as a conviction in adult court for criminal mischief, for which his probation had been revoked. After being charged for these burglaries, Blauvelt was convicted of criminal trespass, possession of marijuana, and third degree assault, and had a pending charge of theft by shoplifting. Blauvelt scored in the very high risk range for recidivism on the "Level of Service/Case Management Inventory" assessment.

The record reveals that the district court considered all of the appropriate factors in sentencing Blauvelt, including his age and his prior criminal history. The court noted that it did not favor "putting 19-year-olds in prison," but did not find Blauvelt to be a good probation candidate due to the high likelihood that he would engage in further criminal conduct.

Based upon the record, we find that the district court gave adequate consideration to Blauvelt's age and prior criminal history, as well as all of the other appropriate factors noted above, before imposing sentences of imprisonment. We conclude that the sentences imposed were not excessive and that the district court did not abuse its discretion when it imposed sentences within the statutory limits.

## CONCLUSION

Finding Blauvelt's assigned errors to be without merit, we affirm his convictions and sentences.

AFFIRMED.